IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEFFREY A. PLEASANT,

    Petitioner,

v.                              Civil Action No. 3:14CV804

HAROLD W. CLARKE,

    Respondent.

**MEMORANDUM OPINION**

Jeffrey A. Pleasant, a Virginia prisoner proceeding pro se, has submitted another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. By Memorandum Opinion and Order entered January 28, 2014, the Court dismissed a prior 28 U.S.C § 2241 petition by Pleasant challenging his 622-month federal sentence as a successive, unauthorized 28 U.S.C. § 2255 motion. See Pleasant v. Cuccinelli, No. 3:12CV731, 2014 WL 353405, at *1-2 (E.D. Va. Jan. 28, 2014). In that Memorandum Opinion, the Court noted that Pleasant claimed that his "state arrest for the six (6) state felony offenses [was] never resolved . . . ." Id. at *1 (citation omitted) (internal quotation marks omitted). The Court noted that Pleasant "represent[ed] that he wishe[d] to challenge the decisions of the Circuit Court of the City of Richmond . . . with respect to, inter alia, 'CR00-362-F, CR00-363-F[, and] CR00-364-F.'" Id. at *1 n.2 (third alteration in original). Nevertheless, the Court explained that Pleasant "fail[ed] to specify how these cases resulted in a present

restraint upon his liberty" and that his submissions demonstrated that the Commonwealth had withdrawn those indictments. Id. Since the dismissal of his § 2241 petition, Pleasant has inundated the Court with post-conviction motions challenging his federal convictions and state charges. See, e.g., Pleasant v. Clarke, No. 3:14CV144 (E.D. Va. Nov. 26, 2014); Pleasant v. Clarke, No. 3:14CV266 (E.D. Va. Nov. 26, 2014).

Pleasant's instant § 2241 Petition fails to demonstrate which judgment he seeks to challenge or that he is in custody pursuant to that judgment. Under the section where Pleasant must identify the judgment and sentence he is challenging, Pleasant states: "I[']m challenging the actions of the Richmond City authorities, and the results which flowed from the January 24, 2000 arrest." (§ 2241 Pet. 3.) To the extent Pleasant intends to challenge alleged convictions in the Circuit Court of City of Richmond, he must do so by 28 U.S.C. § 2254. Moreover, he fails to identify a judgment and conviction in the Circuit Court of the City of Richmond that resulted in a present restraint on his liberty. Instead, this action appears to be another frivolous attempt by Pleasant to challenge his federal convictions. See Pleasant, 2014 WL 353405, at *1 n.2 (dismissing a § 2241 Petition by Pleasant that purported to challenges some of these same state criminal cases). Accordingly, by Memorandum Order entered April 16, 2015, the

Court directed Pleasant within eleven (11) days of the date of entry thereof, to show cause why the action should be not dismissed.

Pleasant responds with a lengthy, rambling filing outlining the procedural history of the charges filed in the Circuit Court for the City of Richmond, his convictions in the Circuit Court for the County of Chesterfield, and his convictions in this Court. Pleasant then challenges the Court's statement that Pleasant fails to identify which judgment he seeks to challenge or that he is in custody pursuant to that judgment. Pleasant claims that, to bring a § 2241 petition, he need not identify a judgment and conviction because the § 2241 form contains no question "that limits a § 2241 challenge to a conviction and sentence." (Resp. ¶ 26.) Instead, the form says "[d]ecision or action you are challenging." (§ 2241 Pet. 3.) Pleasant then repeats that he "does not challenge his federal convictions. He challenges the January 24, 2000 arrest and actions of the Richmond City Police, and the actions of state and United States author[ities]." (Resp. ¶ 32.) He claims that this "arrest was unlawful[ ] and the actions which flowed from the arrest unconstitutional." (Id. ¶ 45.) Again, Pleasant identifies no judgment and conviction in the Circuit Court of the City of Richmond that resulted in the present restraint on his liberty. Instead, Pleasant continues his attack on the arrest by Richmond police and state charges in the Circuit Court for the City of

Richmond that resulted in no judgment or conviction in that court. Pleasant remains disgruntled that federal authorities ultimately charged him and obtained a federal conviction. Any attack on his federal convictions is successive and unauthorized. As such, Pleasant fails to demonstrate good cause and his § 2241 petition will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Pleasant.

It is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: August 4, 2015
Richmond, Virginia