IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JEFFREY A. PLEASANT,

     Petitioner,

v.                        Civil Action No. 3:14CV804

HAROLD W. CLARKE,

     Respondent.

### MEMORANDUM OPINION

Jeffrey A. Pleasant, a Virginia prisoner proceeding pro se, has submitted another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. By Memorandum Opinion and Order entered January 28, 2014, the Court dismissed a prior 28 U.S.C § 2241 petition by Pleasant challenging his 622-month federal sentence as a successive, unauthorized 28 U.S.C. § 2255 motion. See Pleasant v. Cuccinelli, No. 3:12CV731, 2014 WL 353405, at *1-2 (E.D. Va. Jan. 28, 2014). In that Memorandum Opinion, the Court noted that Pleasant claimed that his "state arrest for the six (6) state felony offenses [was] never resolved . . . ." Id. at *1 (citation omitted) (internal quotation marks omitted). The Court noted that Pleasant "represent[ed] that he wishe[d] to challenge the decisions of the Circuit Court of the City of Richmond . . . with respect to, inter alia, 'CR00-362-F, CR00-363-F[, and] CR00-364-F.'" Id. at *1 n.2 (third alteration in original). Nevertheless, the Court explained that Pleasant "fail[ed] to specify how these cases resulted in a present

restraint upon his liberty" and that his submissions demonstrated that the Commonwealth had withdrawn those indictments. Id. Since the dismissal of his § 2241 petition, Pleasant has inundated the Court with post-conviction motions challenging his federal convictions and state charges. See, e.g., Pleasant v. Clarke, No. 3:14CV144 (E.D. Va. Nov. 26, 2014); Pleasant v. Clarke, No. 3:14CV266 (E.D. Va. Nov. 26, 2014).

By Memorandum Opinion and Order entered August 6, 2015, the Court denied the instant § 2241 Petition because

> . . . Pleasant identifie[d] no judgment and conviction in the Circuit Court of the City of Richmond that resulted in the present restraint on his liberty. Instead, Pleasant continues his attack on the arrest by Richmond police and state charges in the Circuit Court for the City of Richmond that resulted in no judgment or conviction in that court. Pleasant remains disgruntled that federal authorities ultimately charged him and obtained a federal conviction. Any attack on his federal convictions is successive and unauthorized.

(ECF No. 5, at 3-4.) On August 24, 2015, the Court received from Pleasant a motion seeking relief under Fed. R. Civ. P. 59(e) ("Rule 59(e) Motion," ECF No. 8).

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)

2

(citing <u>Weyerhaeuser Corp. v. Koppers Co.</u>, 771 F. Supp. 1406, 1419 (D. Md. 1991); <u>Atkins v. Marathon LeTourneau Co.</u>, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Pleasant apparently relies upon the third ground. Pleasant, however, fails to demonstrate that the dismissal of his action rested upon a clear error of law or that vacating that dismissal is necessary to prevent a manifest injustice. Accordingly, Pleasant's Rule 59(e) Motion (ECF No. 8) will be denied. The Court will deny a certificate of appealability.

Pleasant, apparently unhappy with the unfavorable decisions in his many cases, also has filed an "AFFIDAVIT OF BIAS" wherein he claims that the undersigned "has with extreme prejudice and bias, refused to review the state court records or to order the respondent to show cause" and "has attempted to restrict any allegations or claims made by me." (Aff. Bias ¶¶ 10-11, ECF No. 8-1.) Pleasant asks the undersigned to "recuse himself from this and any other action that is filed with the Court by me <u>pro se</u>." (<u>Id.</u> ¶ 18.) However, an unfavorable ruling fails to constitute a valid basis for a judicial bias claim. <u>See</u> <u>United States v. Williamson</u>, 213 F. App'x 235, 237-38 (4th Cir. 2007) (citing <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994)). Nor has Pleasant demonstrated any circumstance where the impartiality of the undersigned might be reasonably questioned.

See 28 U.S.C. § 455.[1]  Accordingly, Pleasant's "AFFIDAVIT OF BIAS" (ECF No. 8-1) will be denied.

Pleasant's application to proceed in forma pauperis (ECF No. 9) will be denied as moot.  To the extent he seeks to proceed in forma pauperis on appeal, Pleasant should direct his request to the United States Court of Appeals for the Fourth Circuit.

The Clerk is directed to send a copy of this Memorandum Opinion to Pleasant.

It is so ORDERED.

/s/ REP

Date: December 4, 2015
Richmond, Virginia

Robert E. Payne
Senior United States District Judge

---

[1] The statute provides, in relevant part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455.